[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on August 23, 1992 at Southington, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Matjan Adem Lena, born May 13, 1993 and Ariana Kadrije Lena, born February 4, 1997.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56,46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 7 1/2 years. The plaintiff is 33 years of age and in good health. She is employed as a senior accountant and earns a gross of approximately $44,460 per year. The defendant is 31 years of age and in good health. He is employed as a chef earning approximately $26,000 per year. Their two minor children are aged six and three years old. Both parties worked throughout the marriage.
The parties apparently argued from the honeymoon to the separation. The plaintiff claimed pushing and shoving which the defendant denied. The plaintiff claimed the defendant gave her very little money; the defendant claims he gave his wife his paycheck but that he paid the mortgage. The defendant had no savings — saying he liked cash in his pocket and thus used his wallet as his checking and savings account. The plaintiff has substantial liabilities; the defendant only has one — Sears.
The parties purchased a home in August 1997. Because of the plaintiff's poor credit, title to the property was placed in the name of the defendant and the plaintiff's father. The parties discussed a separation after the home was purchased. The plaintiff testified they could not agree on anything after they purchased their home. The down payment for the home came from the plaintiff's funds — her mutual funds and proceeds from her personal injury cases. The plaintiff claims to have had good credit prior to her marriage.
The parties have slept in separate rooms since 1997. The defendant claimed the plaintiff "never treated him nice." There was no CT Page 6312 verification of the defendant's testimony that his mother gave him $5,000 or $6,000 in cash for a down payment on the home. The defendant made some payments on the home mortgage, however the plaintiff brought the mortgage payments current by a payment of $1511 in September 1999. The plaintiff also paid $3,200 for a motor vehicle loan in the defendant's name. The defendant paid $1,000 to have the house painted. The plaintiff has been paying the mortgage since the parties separated. She also claims to have paid the mortgage prior to the separation.
The parties were at odds on all material issues raised in this trial. The plaintiff appeared to be the more credible of the parties.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the evidence presented in this matter. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter.
Real Estate
1. The defendant shall forthwith quitclaim his interest in the marital home located at 207 Seymour Avenue, Derby, Connecticut to the plaintiff. The plaintiff shall indemnify and save the defendant harmless from any liability on the outstanding mortgage.
2. There is presently approximately $17,000 in equity in this real estate. However, the court finds that the defendant contributed very little to the increase in equity.
3. The plaintiff shall pay to the defendant the sum of $2,500.
Alimony
Each party waived their respective right to alimony and therefore no alimony is awarded to either party.
Custody and Visitation
1. The parties are at odds over everything and are unable to communicate well with each other. It is not in the best interests of the minor children to enter an award of joint custody. However, the mother shall confer and discuss with the father, as best as the parties can without argument, major issues of health and education with respect to the two minor children. The mother shall have final decision-making authority. CT Page 6313
2. The mother is awarded sole legal and physical custody of the minor children.
3. The father shall enjoy rights of reasonable and liberal visitation with the minor children.
Child Support
1. The child support guidelines provide for an order of child support for the two minor children in the amount of $117 per week. At the present time, the defendant is contributing the sum of $30 per week toward the tuition and books for the minor child in addition to paying $130 per week for child support. The child attends a Catholic parochial school although both the plaintiff and defendant are Moslems.
2. The court is deviating from the child support guidelines due to the educational expenses and in the best interests of the minor children and, further, so as not to result in a lesser economic benefit to the children. The court enters an order of child support to be paid by the defendant to the plaintiff in the amount of $135 per week. This represents a 15% deviation from the child support guidelines.
3. Said payment shall commence one week from the date of the memorandum.
4. An immediate wage withholding is ordered.
Debts
1. Each party shall be responsible for one-half of the outstanding Sears bill which was incurred for carpeting for the marital home.
2. Each party shall be responsible for the remaining debts as set forth in their respective financial affidavits.
Personal Property
1. The plaintiff is awarded the contents of the marital home except for the defendant's personal possessions and belongings if any remain at the marital home. The personal possessions shall be removed within 30 days of date.
2. The plaintiff shall be entitled to retain her mutual funds, stocks and bonds, and her 401(k) and her jewelry. CT Page 6314
3. The defendant shall retain his 1996 Buick motor vehicle.
4. The plaintiff shall retain her leased vehicle.
Income Tax
1. The defendant shall indemnify and hold the plaintiff harmless from any tax liability attributed to the defendant's income for any preceding tax year.
2. The plaintiff shall claim the two minor children as dependents for federal and state income tax purposes for the year 2000. Thereafter, each party shall claim one child with the plaintiff claiming Ariana. This provision shall be modifiable.
Medical Coverage
1. The plaintiff shall continue to provide medical and dental insurance coverage for the benefit of the minor children as is available through her employment.
2. The parties shall equally share any unreimbursed medical or dental expense incurred by the minor children.
3. The defendant shall be entitled to the benefit of COBRA coverage, at his expense, through the plaintiff's medical insurance.
Change of Name
The plaintiff is granted a change of name to Teuta Mullai.
Parenting Education Program
The defendant husband is ordered to take and complete the Parenting Education Program.
The Court
By ________________________ Coppeto, J.